# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HEIZELMAN,<br><br>                            Plaintiff,<br>  vs.<br><br>GOVERNOR BUTCH OTTER, et al.,<br><br>                           Defendants. | CASE NO. 09CV2128-LAB (NLS)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE** |

Robert Heizelman filed this action against Idaho Governor Butch Otter, Idaho Senator Mike Crapo, and the ACLU on September 29, 2010. Now pending is Mr. Heizelman's Motion to Proceed *In Forma Pauperis* ("IFP").

## I.    IFP Motion

All parties instituting a civil action in a district court of the United States, except for habeas petitioners, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). A party is excused from paying the fee, however, if the Court grants leave to proceed IFP pursuant to 28 U.S.C. 1915(a). Mr. Heizelman has submitted an IFP application that amply demonstrates his inability to pay the $350 filing fee. He is unemployed, has no money saved, owns no real estate or financial instruments, and owes the State of Idaho $25,000. His Motion to Proceed *In Forma Pauperis* is therefore **GRANTED**.

//

**II.     Initial Screening**

Pursuant to 28 U.S.C. § 1915(e), the Court must screen each civil action commenced pursuant to 28 U.S.C. § 1915(a) and dismiss the action if the Court finds it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 45 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

A complaint must plead facts that "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[S]ome threshold of plausibility must be crossed at the outset" before a case can go forward.  *Id.* at 558 (internal quotations omitted).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

While a court must draw all reasonable inferences in the plaintiff's favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations omitted).  In fact, no legal conclusions need to be accepted as true.  *Ashcroft*, 129 S.Ct. at 1949.  A complaint doesn't suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*  That includes a mere formulaic recitation of the elements of a cause of action; this will not do either. *Bell Atlantic Corp.*, 550 U.S. at 555.

With the above standards in mind, Mr. Heizelman's complaint is patently inadequate as pled, even though the Court has a duty to liberally construe a pro se litigant's pleadings,

*see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). It reads as a running, stream-of-consciousness commentary of grievances against various parties, with no unifying theme or discernable legal claims. Though legible, it is incoherent and unintelligible on the whole. Mr. Heizelman appears to take issue with prison conditions he allegedly endured, property theft he allegedly suffered, and various conspiracies of which he believes he is a victim, but he fails to plead concrete, intelligible facts that add structure and content to these grievances.

Mr. Heizelman's complaint is therefore **DISMISSED**. The Court finds it is frivolous and fails to state a claim upon which relief can be granted. The Court also finds that amendment would be futile, so this dismissal is **WITH PREJUDICE**, and **WITHOUT LEAVE TO AMEND.**

**IT IS SO ORDERED**.

DATED: October 20, 2010

*Larry A. Burns*
————————————————
**HONORABLE LARRY ALAN BURNS**
United States District Judge